United States Courts
Southern District of Texas
FILED

DEC 19 2017

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | **Criminal No. 4:15-cr-0564-S2** |
| | § | |
| JOSEPH ALBERTO LOPEZ | § | 18 U.S.C. § 924(c)(1)(A) |
| MARGIL REYNA, JR. | § | 18 U.S.C. § 924(j)(1) |
| also known as Mikeo | § | 18 U.S.C. § 1951(a) |
| JOSHUA OMAR SANTILLAN | § | 18 U.S.C. § 1962(d) |
| LUIS ALBERTO TELLO | § | 21 U.S.C. § 841(a)(1) |
| also known as Wicho | § | 21 U.S.C. § 846 |
| MIKE BUENO | § | |
| also known as Mocho, | § | |
| ARTURO RAMIREZ, JR. | § | |
| also known as China | § | |
| JOSE ROLANDO GONZALEZ | § | |
| also known as Rollie | § | |
| EDUARDO HERNANDEZ | § | |
| also known as Lepo | § | |
| HIPOLITO GONZALEZ | § | |
| also known as Pollie | § | |
| ISRAEL GONZALEZ | § | |
| also known as Rayo | § | |
| ROLANDO CRUZ | § | |
| also known as Party | § | |
| JESUS SILVA | § | |
| also known as Bola | § | |
| LUIS ANTONIO SALDIVAR | § | |
| also known as Flaco | § | |
| OCTAVIO MUÑIZ | § | |
| also known as Tavo | § | |
| ROBERTO CORTEZ | § | |
| also known as Robe | § | |
| RICARDO ORTEGA | § | |
| VERONICA CHAVEZ | § | |
| ROBERTO REYES | § | |
| also known as Pelon | § | |
| █████████████ | § | |
| | § | |
| | § | |
| | § | |
| | § | |


§
§
§

## SEALED
## SECOND SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
Title 18 U.S.C. § 1962(d)

### THE RACKETEERING ENTERPRISE

At all times relevant to this Second Superseding Indictment:

1.      Defendants Joseph Alberto LOPEZ, Margil REYNA, Jr. aka Mikeo, Joshua Omar

SANTILLAN, Luis Alberto TELLO aka Wicho, Mike BUENO aka Mocho, Arturo RAMIREZ,

Jr. aka China, Jose Rolando GONZALEZ aka Rollie, Eduardo HERNANDEZ aka Lepo, Hipolito

GONZALEZ aka Pollie, Israel GONZALEZ aka Rayo, Rolando CRUZ aka Party, Jesus SILVA

aka Bola, Luis Antonio SALDIVAR aka Flaco,  Octavio MUÑIZ aka Tavo, Roberto CORTEZ

aka Robe, ███████████████████████████████████████████████████

and others were members and associates of a criminal organization known as the Tri-City Bombers

whose members and associates engaged in: (a) the illegal trafficking of cocaine, marijuana,

methamphetamine and heroin; (b) the laundering of drug proceeds; (c) interference with commerce

by robbery; and (c) acts of violence, including murder, attempted murder, robbery, aggravated

assaults and other crimes within the Southern District of Texas and elsewhere.

2.      The Tri-City Bombers criminal organization, including its leadership, members and

associates, constituted an "enterprise" as defined by Title 18, United States Code, § 1961(4) ("the

Enterprise"), that is, a group of individuals associated in fact that was engaged in and the activities

of which affected interstate and foreign commerce. The Enterprise constituted an ongoing

organization whose members functioned as a continuing unit for a common purpose of obtaining the objectives of the Enterprise.

3.      In the early 1980s, young men from Lopezville, Texas, a small predominately-Hispanic area in the South Texas border area, formed a street football team called the "Lopezville Bombers." At the same time, young men from the nearby town of Pharr, Texas formed a break dancing group called the "Tri-City Poppers."

4.      In the mid-1980s, the Lopezville Bombers and Tri-City Poppers merged and became the Tri-City Bombers. In the early days, the Tri-City Bombers would get together and associate to play pickup football games against teams from nearby cities. Over time local law enforcement began to notice an increase in fights after football games and due to the nature of these violent altercations, the Tri-City Bombers developed a reputation as a tough group of young men.

5.      In the late 1980s, the Tri-City Bombers evolved into a gang with a defined leadership structure, colors, tattoos and rules. The Tri-City Bombers organization include titles such as President, Vice-President, General, Major, Captain, Lieutenant, Sergeant, "Carnal" (Brother) and "Prospecto" (Prospect).

6.      In the early 1990s, the Tri-City Bombers split into two factions: Tri-City Bombers and the Texas Chicano Brotherhood. The split resulted in a wave of violence in the area of Pharr, San Juan and Alamo, Texas.

7.      An individual wanting to become a member of the Tri-City Bombers is a "Prospecto" (Prospect). To become a member, the "Prospecto" must have a "Padrino" (Godfather) to vouch for him as being worthy of becoming a full-fledged member. Once a "Prospecto" becomes a member, he is referred to as a "Carnal" (Brother).

3

8.     The Tri-City Bombers adopted black and red as its colors and tattoo the following on their bodies: the letters "TCB", a 1939 Chevy Bomb car, the number "39", a Cherry bomb, a necklace tattoo made of small bombs, or three high-rise buildings or three-point crown to represent the Tri-City area, that being, Pharr, San Juan and Alamo, Texas.

9.     The rules of the Tri-City Bombers include, among others: membership for life; brotherhood before anything else; never cooperate with law enforcement; obey orders of superiors; pay a monthly fee to the Enterprise; give 10% of any criminal earnings to the Enterprise; and never disrespect the Tri-City Bombers family.

10.     The consequences for violating the rules included severe beating, known as a "disiplina" (discipline), to being "x-out" (marked for murder).

11.     The Enterprise had a hierarchy for making decisions. The leaders of the Enterprise had such titles as President, Vice-President, General, Major, Captain, Lieutenant and Sergeant. The leaders determined whether members violated the rules and the punishment for any violation.

12.     The Enterprise's strict set of rules ensured loyalty and participation in criminal activities. It was common for an Enterprise member to demonstrate his loyalty by taking responsibility for a crime in order to shield a member with superior rank from criminal responsibility.

13.     The Enterprise members maintained regular communications with their members who are in prison. Such communications are often through letters or telephone calls. The Enterprise members use coded language to mislead law enforcement officers as to the true message contained in the letters and telephone calls.

14.     The Enterprise members maintain regular communications with each other through regular meetings and telephone calls. In communications over cellular telephones, the Enterprise

4

members use coded language when they discussed any criminal activity. For instance, when discussing controlled substances they referred to cocaine as "white" and to marijuana as "green". They referred to high quality marijuana as "popcorn", drug proceeds as "paper" or "coin" and the transportation of controlled substances as a "ride" or "trip". Furthermore, they referred to cities such a Donna, Texas as "Ghost Town" and Houston, Texas as "H".

15.     The Enterprise uses its power to create fear and intimidation that shields its members from criminal responsibility, ensures the timely payment of drug debts and prevents the theft of members' money or drugs. Violent retribution is an important activity of the Enterprise. Such violent retribution helps enforce loyalty to the Enterprise that is necessary to the smooth running of its criminal activities.

16.     Although the Enterprise began in the South Texas area, its members and criminal activities are not limited to that geographical area. In fact, Enterprise members live across Texas as well as in Georgia, Oklahoma, Missouri, Indiana, South Dakota and other states where they continued to engage in criminal activity.

<u>THE PURPOSES OF THE ENTERPRISE</u>

17.     The purposes of the Enterprise included the following:

a.     maintaining a powerful organization that protects its members and associates from rival criminal organizations, those disloyal to the Enterprise or those who lost or stole the Enterprise's controlled substances;

b.     enriching its members and associates through criminal activity which includes, the illegal distribution of controlled substances and other criminal acts;

c.     preserving and protecting its power, territory and profits through the use of intimidation, violence and threats of violence; and

d.      keeping rival gangs, potential informants, potential cooperating defendants, witnesses, law enforcement and the public-at-large in fear of the Enterprise through violence and threats of violence.

18.      The Enterprise members act to protect each other and to build a strong organization through intimidation and violence against outsiders and through strict and harsh discipline of its members and associates who violate its rules.

<u>THE DEFENDANTS</u>

19.      The Enterprise members and associates had the following roles:

(a)      Joseph Alberto LOPEZ ("LOPEZ") was a member involved in trafficking controlled substances, laundering monetary instruments and in the commission of violent crimes. LOPEZ participated in breaking into a home to controlled substances that resulted in the death of an individual.

(b)      Margil REYNA, Jr. aka Mikeo ("REYNA") was a member involved in trafficking controlled substances, laundering monetary instruments and in the commission of violent crimes. REYNA participated in breaking into a home to steal controlled substances that resulted in the death of an individual.

(c)      Joshua Omar SANTILLAN ("SANTILLAN") was a member involved in trafficking controlled substances, laundering monetary instruments and in the commission of violent crimes. SANTILLAN participated in breaking into a home to steal controlled substances that resulted in the death of an individual.

(d)      Luis Alberto TELLO aka Wicho ("TELLO") was an associate involved in trafficking controlled substances and in the commission of violent crimes. TELLO participated in breaking into a home to steal controlled substances that resulted in the death of an individual.

(e)     Mike BUENO aka Mocho ("BUENO") was a member with a rank of Major involved in trafficking controlled substances, laundering drug proceeds and in the commission of violent crimes. BUENO participated in breaking into a home to steal marijuana that resulted in the death of an individual. BUENO also directed the enforcement of the Enterprise rules and the collection of the membership fees.

(f)     Arturo RAMIREZ, Jr. aka China ("RAMIREZ") was a member with the rank of Sergeant involved in trafficking controlled substances, laundering drug proceeds and in the commission of violent crimes. RAMIREZ participated in the storing, packaging and transportation of controlled substances to various cities across the United States.

(g)     Jose Rolando GONZALEZ aka Rollie ("J. GONZALEZ") was a member with the rank of Captain involved in trafficking controlled substances, laundering drug proceeds and in the commission of violent crimes. J. GONZALEZ participated in directing and coordinating the storage, packaging and transportation of controlled substances to various cities across the United States. J. GONZALEZ also participated in the attempted murder of an individual suspected of having stolen marijuana from an associate of the Enterprise.

(h)     Eduardo HERNANDEZ aka Lepo ("HERNANDEZ") was a member with the rank of Lieutenant involved in trafficking controlled substances, laundering drug proceeds and in the commission of violent crimes. HERNANDEZ participated in the storing, packaging and transportation of controlled substances to various cities across the United States.

(i)     Hipolito GONZALEZ aka Pollie ("H. GONZALEZ") was an associate involved in trafficking controlled substances and laundering drug proceeds. H. GONZALEZ coordinated the storage, packaging and transportation of controlled substances to various cities across the United States as well as the transportation of the drug proceeds back to the Rio Grande

Valley of Texas.

(j)     Israel GONZALEZ aka Rayo ("I. GONZALEZ") was a member with the rank of Sargent involved in trafficking controlled substances and laundering drug proceeds. I. GONZALEZ participated in participated in storing, packaging and loading controlled substances into vehicles that transport the controlled substances to various cities across the United States.

(k)     Rolando CRUZ aka Party ("CRUZ") was a member with the rank of Captain involved in trafficking controlled substances and laundering drug proceeds. CRUZ coordinated the storage, packaging and transportation of controlled substances to various cities across the United States as well as the transportation of the drug proceeds back to the Rio Grande Valley of Texas.

(l)     Jesus SILVA aka Bola ("SILVA") was a member with the rank of Sergeant involved in trafficking controlled substances, laundering drug proceeds and in the commission of violent crimes. SILVA participated in sending controlled substances in the United States mail to various cities across the United States as well as the drug proceeds back to the Rio Grande Valley of Texas.

(m)     Luis Antonio SALDIVAR aka Flaco ("SALDIVAR") was a member involved in trafficking controlled substances, laundering drug proceeds and in the commission of violent crimes. SALDIVAR participated in storing, packaging and loading controlled substances into vehicles that transport the controlled substances to various cities across the United States.

(n)     Octavio MUÑIZ aka Tavo ("MUÑIZ") was a member with the rank of Sergeant involved in trafficking controlled substances, laundering drug proceeds and in the commission of violent crimes. MUÑIZ participated in transporting drug proceeds from various cities across the United States to the Rio Grande Valley of Texas. MUÑIZ also participated in the

attempted murder of an individual suspected of having stolen marijuana from an associate of the Enterprise.

       (o)    Roberto CORTEZ aka Robe ("CORTEZ") was an associate involved in trafficking controlled substances, laundering drug proceeds and in the commission of violent crimes. CORTEZ participated in robberies by providing the Enterprise the location where drug traffickers stored controlled substances.

       (p)    ███████████████████████ was a member with the rank of General and the leader of the Enterprise outside the prison system. ████████ participated in coordinating and directing members and associates of the Enterprise in the trafficking of controlled substances, laundering drug proceeds and in the commission of violent crimes.

       (q)    ████████████████ was a member involved in trafficking controlled substances and in the commission of violent crimes. ██████ participated in the attempted murder of an individual suspected of having stolen marijuana from an associate of the Enterprise.

       (r)    ███████████████ was a member involved in trafficking controlled substances and in the commission of violent crimes. ██████ participated in the attempted murder of an individual suspected of having stolen marijuana from an associate of the Enterprise.

<u>THE RACKETEERING CONSPIRACY</u>

    20.    Beginning on or about January 2008 and continuing to the date of this Second Superseding Indictment, within the Southern District of Texas and elsewhere, the defendants

JOSEPH ALBERTO LOPEZ,
MARGIL REYNA, JR. aka Mikeo

JOSHUA OMAR SANTILLAN
LUIS ALBERTO TELLO aka Wicho
MIKE BUENO aka Mocho
ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
EDUARDO HERNANDEZ aka Lepo
HIPOLITO GONZALEZ aka Pollie
ISRAEL GONZALEZ aka Rayo
ROLANDO CRUZ aka Party
JESUS SILVA aka Bola
LUIS ANTONIO SALDIVAR aka Flaco
OCTAVIO MUÑIZ aka Tavo
ROBERTO CORTEZ aka Robe

each being a person employed by and associated with, as described in paragraphs 1 through 19 of this Second Superseding Indictment, an Enterprise, the Tri-City Bombers, that was engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire and agree together and with others known and unknown to the Grand Jury to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, §§ 1961(1) and 1961(5), said pattern of racketeering activity consisting of:

multiple acts indictable under:

<ol type="a">
<li>Title 18, United States Code, § 1951 (interference with commerce by robbery);</li>
<li>Title 18, United States Code, § 1956 (laundering monetary instruments);</li>
</ol>

multiple offenses involving:

<ol type="a" start="3">
<li value="3">Title 21, United States Code, § 846 (conspiracy to possess with intent to distribute controlled substances and conspiracy to distribute controlled</li>
</ol>

substances);

      d.      Title 21, United States Code, § 841(a)(1) (possession with intent to distribute controlled substances and distribution of controlled substances);

and multiple acts involving:

      e.      Murder in violation of Texas Penal Code §§ 19.02, 15.01, 15.02, 7.01 and 7.02; and

      f.      Robbery in violation of Texas Penal Code §§ 29.02, 29.03, 15.01, 15.02, 7.01 and 7.02.

21.     It was further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

<u>THE MANNER AND MEANS OF THE ENTERPRISE</u>

22.     Among the manner and means used by the defendants and co-conspirators to achieve the object of the conspiracy were the following:

      a.      members, associates and others engaged in criminal activities such as murder, attempted murder, robbery and illegal drug trafficking to achieve its goal of making money;

      b.      members met regularly to discuss and vote on important decisions that included retaliation against rival gangs, whether a member had violated a rule and, if so, the type and form of punishment and how to expand their illegal drug trafficking activities;

      c.      members, associates and others purchased, maintained, stored and circulated weapons and firearms for use in criminal activities;

      d.      members, associates and others coordinated the storage, packaging,

transportation and distribution of controlled substances to various cities across the United States;

        e.    members, associates and others coordinated the storage, packaging and sending controlled substances via the United States mail to various cities across the United States;

        f.    members, associates and others coordinated stealing controlled substances from other drug traffickers;

        g.    members, associates and others coordinated the receiving, packaging and transportation of drug proceeds from various cities across the United States back to the Rio Grande Valley of Texas;

        h.    members, associates and others coordinated the depositing of drug proceeds into financial institutions in various cities across the United States and the withdraw of the drug proceeds from financial institutions in the Rio Grande Valley of Texas; and

        i.    members, associates and others used and threatened to use violence against potential informants, cooperating defendants and witnesses.

## OVERT ACTS

23.    In furtherance of the conspiracy, and to achieve the objective thereof, the conspirators performed and caused to be performed the following overt acts, among others, in the Southern District of Texas and elsewhere:

May 25, 2008<br>Robbery

(a)    On or about May 25, 2008, ▇▇▇▇▇▇▇▇▇▇▇▇ assaulted S. Z., J. M. T. and J. T.

July 17, 2009<br>Robbery

(b)    On or about July 17, 2009, Mike BUENO aka Mocho told conspirators that

12

a house in Edinburg, Texas contained numerous kilograms of cocaine;

<u>July 21, 2009</u>
<u>Robbery</u>

        (c)      On or about July 21, 2009, Jesus SILVA aka Bola told conspirators that a house in Mission, Texas contained numerous kilograms of marijuana;

        (d)      On or about July 21, 2009, Mike BUENO aka Mocho conducted surveillance for law enforcement while conspirators broke into the house in Mission, Texas to steal the marijuana;

<u>June 14, 2011</u>
<u>Robbery</u>

        (e)      On or about June 14, 2011, Roberto CORTEZ aka Robe told Mike BUENO aka Mocho that a house in the area of Weslaco / Mercedes, Texas contained approximately 80 kilograms of cocaine;

        (f)      On or about June 14, 2011, Mike BUENO aka Mocho conducted surveillance for law enforcement while conspirators stole approximately 80 kilograms of cocaine from the house in the Weslaco / Mercedes, Texas area;

        (g)      On or about June 14, 2011, Margil REYNA, Jr. aka Mikeo stole approximately 80 kilograms of cocaine from the house in the Weslaco / Mercedes, Texas area;

        (h)      On or about June 14, 2011, Joshua SANTILLAN stole approximately 80 kilograms of cocaine from the house in the Weslaco / Mercedes, Texas area;

<u>April 12, 2012</u>
<u>Murder</u>

        (i)      On or about April 12, 2012, Luis Alberto TELLO aka Wicho, told Joseph Alberto LOPEZ that a house in Edinburg, Texas contained numerous kilograms of marijuana;

        (j)      On or about April 12, 2012, Joseph Alberto LOPEZ, Margil REYNA, Jr.

aka Mikeo, Joshua Omar SANTILLAN and other conspirators met at Joseph Alberto LOPEZ's house;

(k)     On or about April 12, 2012, Mike BUENO aka Mocho authorized Joseph Alberto LOPEZ, Margil REYNA, Jr. aka Mikeo and Joshua Omar SANTILLAN to commit the aggravated robbery;

(l)     On or about April 12, 2012, Joseph Alberto LOPEZ possessed a firearm;

(m)     On or about April 12, 2012, Margil REYNA, Jr. aka Mikeo possessed a firearm;

(n)     On or about April 12, 2012, Joshua Omar SANTILLAN drove Joseph Alberto LOPEZ, Margil REYNA, Jr. aka Mikeo and other conspirators to the house in Edinburg, Texas;

(o)     On or about April 12, 2012, Joseph Alberto LOPEZ, while armed with a firearm, broke into the house in Edinburg, Texas;

(p)     On or about April 12, 2012, Margil REYNA, Jr. aka Mikeo, while armed with a firearm, broke into a house in Edinburg, Texas;

(q)     On or about April 12, 2012, Joseph Alberto LOPEZ struggled with Victor Serna inside the house resulting in Victor Serna's death;

(r)     On or about April 12, 2012, Margil REYNA, Jr. aka Mikeo struggled with Victor Serna inside the house resulting in Victor Serna's death;

<u>May 3, 2012</u>
<u>Cocaine</u>

(s)     On or about May 3, 2012, Arturo RAMIREZ, Jr. aka China gave Eduardo HERNANDEZ's aka Lepo cellular telephone number to a confidential source;

14

(t)     On or about May 3, 2012, Eduardo HERNANDEZ aka Lepo sent a conspirator to deliver cocaine to a confidential source;

June 1, 2012
Cocaine

(u)     On or about June 1, 2012, Arturo RAMIREZ, Jr. aka China called a confidential source;

(v)     On or about June 1, 2012, Eduardo HERNDANEZ aka Lepo delivered cocaine to a confidential source;

June 1, 2012
Heroin

(w)     On or about June 1, 2012, Arturo RAMIREZ, Jr. aka China called a confidential source;

(x)     On or about June 1, 2012, Hipolito GONZALEZ aka Pollie gave heroin to Arturo RAMIREZ, Jr. aka China;

June 29, 2012
Heroin

(y)     On or about June 29, 2012, Arturo RAMIREZ, Jr. aka China called a confidential source;

(z)     On or about June 29, 2012, Hipolito GONZALEZ aka Pollie gave heroin to Arturo RAMIREZ, Jr. aka China;

July 18, 2012
Cocaine

(aa)     On or about July 18, 2012, Arturo RAMIREZ, Jr. aka China gave Eduardo HERNANDEZ's aka Lepo cellular telephone number to a confidential source;

15

(bb)    On or about July 18, 2012, Eduardo HERNANDEZ sent a conspirator deliver cocaine to a confidential source;

October 19, 2012
Robbery

(cc)    On or about October 19, 2012, Rene Vela aka Gordo told Roberto CORTEZ aka Robe that several thousand pounds of marijuana were loaded onto a tractor-trailer in the Weslaco / Mercedes, Texas area;

(dd)    On or about October 19, 2012, Roberto CORTEZ told Mike BUENO aka Mocho that the tractor-trailer contained the marijuana;

(ee)    On or about October 19, 2012, Mike BUENO aka Mocho contacted unknown members and associates of the Enterprise to steal the marijuana from the tractor-trailer;

(ff)    On or about October 19, 2012, unknown conspirators took the tractor-trailer from the driver;

(gg)    On or about October 19, 2012, a conspirator drove the tractor-trailer to a property in San Carlos, Texas;

(hh)    On or about October 19, 2012, Mike BUENO aka Mocho directed the off-loading of approximately 900 kilograms of marijuana from the trailer;

November 3, 2012
Cocaine

(ii)    On or about November 2, 2012, Roberto CORTEZ aka Robe directed Roberto REYES aka Pelon to deliver cocaine to Arturo RAMIREZ, Jr. aka China;

(jj)    On or about November 3, 2012, Roberto REYES aka Pelon delivered cocaine to Arturo RAMIREZ, Jr. aka China;

(kk)    On or about November 3, 2012, Arturo RAMIREZ, Jr. aka China provided cocaine to a confidential source;

### November 16, 2012
### PWID Marijuana

(ll)    On or about November 16, 2012, in an intercepted telephone call, Arturo RAMIREZ, Jr. aka China told Mike BUENO aka Mocho that the "trip" contained "360";

(mm)   On or about November 16, 2012, in an intercepted telephone call, Mike BUENO aka Mocho told Arturo RAMIREZ, Jr. aka China that if the "stuff" was good he could pick it up and take it to Arkansas;

(nn)    On or about November 17, 2012, in an intercepted telephone call, Jose Rolando GONZALEZ aka Rollie told Arturo RAMIREZ, Jr. aka China that he was rounding up everyone because the tractor-trailer was leaving;

(oo)    On or about November 17, 2012, in an intercepted telephone call, Israel GONZALEZ aka Rayo told Arturo RAMIREZ, Jr. aka China that the tractor-trailer driver was in Three Rivers, Texas;

(pp)    On or about November 17, 2012, Israel GONZALEZ aka Rayo delivered marijuana to unknown conspirators in the Dallas, Texas area;

(qq)    On or about November 17, 2012, Rolando CRUZ aka Party delivered marijuana to unknown conspirators in the Dallas, Texas area;

### December 7, 2012
### PWID Marijuana

(rr)    On or about December 6, 2012, Israel GONZALEZ aka Rayo recruited co-defendant Ricardo ORTEGA to drive a load of marijuana to Houston, Texas;

(ss)     On or about December 6, 2012, Jose Rolando GONZALEZ aka Rollie told Roberto CORTEZ aka Robe to call Rene Vela aka Gordo;

(tt)     On or about December 6, 2012, Roberto CORTEZ aka Robe asked Rene Vela aka Gordo if conspirators could use his property to load marijuana into a tractor-trailer;

(uu)     On or about December 6, 2012, Eduardo HERNANDEZ aka Lepo bought wrap, tape and grease;

(vv)     On or about December 6, 2012, Arturo RAMIREZ, Jr. aka China directed co-defendant Ricardo ORTEGA to the property of Rene Vela aka Gordo;

(ww)     On or about December 6, 2012, Octavio MUÑIZ aka Tavo loaded marijuana into a tractor-trailer;

(xx)     On or about December 6, 2012, Luis Antonio SALDIVAR aka Flaco loaded marijuana into a tractor-trailer;

(yy)     On or about December 6, 2012, Hipolito GONZALEZ aka Pollie told Arturo RAMIREZ, Jr. aka China to pick up boxes and tape;

(zz)     On or about December 6, 2012, Ernesto Saenz aka Tuerto followed the tractor-trailer driven by co-defendant Ricardo ORTEGA to Houston, Texas;

<u>September 16, 2013</u>
<u>PWID Methamphetamine</u>

(aaa)     On or about September 16, 2013, ███████████████ gave Ernesto Alonzo Ruiz aka Gallito approximately 1 kilogram of methamphetamine;

<u>September 24, 2013</u>
<u>Attempted Murder</u>

(bbb)     On or about September 24, 2013, Jose Rolando GONZALEZ aka Rollie told co-defendant Ernesto Alonzo Ruiz aka Gallito, Octavio MUÑIZ aka Tavo and ████████

to kill R. G.;

(ccc)   On or about September 24, 2013, Octavio MUÑIZ aka Tavo conducted surveillance of R. G.;

(ddd)   On or about September 24, 2013, Octavio MUÑIZ aka Tavo drove co-defendant Ernesto Alonzo Ruiz aka Gallito to the residence of R. G.;

(eee)   On or about September 24, 2013, co-defendant Ernesto Alonzo Ruiz aka Gallito shot R. G. with a firearm;

<u>August 7, 2014</u>
<u>Methamphetamine</u>

(fff)   On or about August 7, 2014, Arturo RAMIREZ, Jr. aka China called a confidential source;

(ggg)   On or about August 7, 2017, Arturo RAMIREZ, Jr. aka China delivered methamphetamine to a confidential source;

<u>August 21, 2014</u>
<u>Methamphetamine</u>

(hhh)   On or about August 21, 2014, Arturo RAMIREZ, Jr. aka China obtained methamphetamine from a conspirator;

(iii)   On or about August 21, 2014, Arturo RAMIREZ, Jr. aka China called a confidential source;

<u>January 27, 2015</u>
<u>Cocaine</u>

(jjj)   On or about January 27, 2015, Jose Rolando GONZALEZ aka Rollie sent cocaine to Indiana.

January 27, 2015
Heroin

(kkk)   On or about January 27, 2015, Hipolito GONZALEZ aka Pollie sent heroin to Indiana.

July 14, 2016
Methamphetamine

(lll)   On or about July 14, 2016, Jose Rolando GONZALEZ aka Rollie sent methamphetamine to South Dakota.

October 19, 2016
Cocaine

(mmm) On or about July 14, 2016, Jose Rolando GONZALEZ aka Rollie packaged cocaine.

(nnn)   On or about July 14, 2016, Jose Rolando GONZALEZ aka Rollie traveled to Falfurrias, Texas.

All in violation of Title 18, United States Code, § 1962(d).

NOTICE OF SPECIAL SENTENCING FACTORS REGARDING COUNT ONE

a.   The allegations of Count One of this Second Superseding Indictment are hereby re-alleged and re-incorporated as though set forth fully herein:

b.   Beginning on or about January 2008 to the date of this Second Superseding Indictment, in the Southern District of Texas and elsewhere, the defendants

JOSEPH ALBERTO LOPEZ
MARGIL REYNA, JR. aka Mikeo
JOSHUA OMAR SANTILLAN
LUIS ALBERTO TELLO aka Wicho
MIKE BUENO aka Mocho
ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
EDUARDO HERNANDEZ aka Lepo
HIPOLITO GONZALEZ aka Pollie

20

ISRAEL GONZALEZ aka Rayo
ROLANDO CRUZ aka Party
JESUS SILVA aka Bola
LUIS ANTONIO SALDIVAR aka Flaco
OCTAVIO MUÑIZ aka Tavo
ROBERTO CORTEZ aka Robe

did knowingly conspire and agree together and with other persons known and unknown to the

Grand Jury to possess with intent to distribute more than 1,000 kilograms of a mixture or substance

containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of

Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A).

      c.      Beginning on or about January 2008 to the date of this Second Superseding

Indictment, in the Southern District of Texas and elsewhere, the defendants

MARGIL REYNA, JR. aka Mikeo
JOSHUA OMAR SANTILLAN
MIKE BUENO aka Mocho
JOSE ROLANDO GONZALEZ aka Rollie
HIPOLITO GONZALEZ aka Pollie
and
ROBERTO CORTEZ aka Robe

did knowingly conspire and agree together and with other persons known and unknown to the

Grand Jury to possess with intent to distribute more than 5 kilograms of a mixture or substance

containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title

21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A).

      d.      Beginning on or about January 2008 and continuing to the date of this Second

Superseding Indictment, within the Southern District of Texas and elsewhere, defendants

ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
and
JESUS SILVA aka Bola

did knowingly conspire and agree together and with other persons known and unknown to the Grand Jury to possess with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a Scheduled II controlled substance, in violation of Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A).

      e.      Beginning on or about January 2008 to the date of this Second Superseding Indictment, in the Southern District of Texas and elsewhere, the defendants

JOSE ROLANDO GONZALEZ aka Rollie
and
HIPOLITO GONZALEZ aka Pollie

did knowingly conspire and agree together and with other persons known and unknown to the Grand Jury to possess with intent to distribute more than 1 kilogram of a mixture or substance containing a detectable amount of heroin, a Scheduled I controlled substance, in violation of Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A).

      f.      On or about May 25, 2008, in Hidalgo County, Texas and the Southern District of Texas and within the jurisdiction of the Court, defendant

███████████████

while in the course of committing theft of property and with intent to obtain and maintain control of the property, did intentionally and knowingly threaten and place S. Z., J. M. T. and J. T., in fear of imminent bodily injury or death while using and exhibiting a deadly weapon, to-wit: a firearm, in violation of Texas Penal Code §§ 29.02, 29.03, 7.01 and 7.02.

      g.      On or about July 17, 2009, in Hidalgo County, Texas and the Southern District of Texas and within the jurisdiction of the Court, defendants

MIKE BUENO aka Mocho

while in the course of committing theft of property and with intent to obtain and maintain control

22

of the property, did intentionally and knowingly threaten and place M. S. P. and G. P., in fear of imminent bodily injury or death while using a deadly weapon, to-wit: a firearm, in violation of Texas Penal Code §§ 29.02, 29.03, 7.01 and 7.02.

      h.      On or about July 21, 2009, in Hidalgo County, Texas and the Southern District of Texas and within the jurisdiction of the Court, defendants

MIKE BUENO aka Mocho
and
JESUS SILVA aka Bola

while in the course of committing theft of property and with intent to obtain and maintain control of the property, did intentionally and knowingly threaten and place S. S. in fear of imminent bodily injury or death while using and exhibiting a deadly weapon, to-wit: a firearm, in violation of Texas Penal Code §§ 29.02, 29.03, 7.01 and 7.02.

      i.      On or about June 14, 2011, in the Southern District of Texas and within the jurisdiction of the Court, defendants

MARGIL REYNA, JR. aka Mikeo
JOSHUA OMAR SANTILLAN
MIKE BUENO aka Mocho
and
ROBERTO CORTEZ aka Robe

did knowingly possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms, that is, approximately 80 kilograms, of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance in violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

      j.      On or about April 12, 2012, in Hidalgo County, Texas and the Southern District of Texas and within the jurisdiction of the Court, defendants

JOSEPH ALBERTO LOPEZ
MARGIL REYNA, JR. aka Mikeo

23

JOSHUA OMAR SANTILLAN
LUIS ALBERTO TELLO aka Wicho
and
MIKE BUENO aka Mocho

did intentionally and knowingly cause the death of an individual, to-wit: Victor Serna, by shooting

him with a firearm;

and

did intentionally and knowingly commit an act clearly dangerous to human life, to-wit: shooting

Victor Serna with a firearm, that caused the death of Victor Serna, and the defendants were then

and there in the course of intentionally and knowingly committing a felony, to-wit: burglary of a

habitation, and the death of the Victor Serna was caused while the defendants were in the course

of and in furtherance of and immediate flight from the commission and attempted commission of

the felony;

and

did intentionally and knowingly commit and attempt to commit an act clearly dangerous to human

life, to-wit: shooting Victor Serna with a firearm, that caused the death of Victor Serna, and the

defendants were then and there in the course of intentionally and knowingly committing a felony,

to-wit: robbery, and the death of the Victor Serna was caused while the defendants were in the

course of and in furtherance of and immediate flight from the commission and attempted

commission of the felony.

All in violation of Texas Penal Code §§ 19.02(b)(1), 19.02(b)(3) and 7.02(b).

k.      On or about October 19, 2012, in Hidalgo County, Texas and the Southern District

and within the jurisdiction of the Court, defendants

MIKE BUENO aka Mocho
and
ROBERTO CORTEZ aka Robe

24

while in the course of committing theft of property and with intent to obtain and maintain control of the property, did intentionally and knowingly threaten and place M. L. M. in fear of imminent bodily injury or death while using and exhibiting a deadly weapon, to-wit: a firearm, in violation of Texas Penal Code §§ 29.02, 29.03, 7.01 and 7.02.

l.  On or about September 16, 2013, in the Southern District of Texas and within the jurisdiction of the Court, defendant

█████████████

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 500 grams, that is, approximately 600 grams, of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

m.  On or about August 7, 2014, in the Southern District of Texas and within the jurisdiction of the Court, defendant

ARTURO RAMIREZ, JR. aka China,

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 50 grams, that is, approximately 483 grams, of methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

n.  On or about August 21, 2014, in the Southern District of Texas and within the jurisdiction of the Court, defendant

ARTURO RAMIREZ, JR. aka China,

did knowingly and intentionally possess with intent to distribute a controlled substance. The

controlled substance involved was more than 50 grams, that is, approximately 971 grams, of methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

      o.     On or about January 25, 2015, in the Southern District of Texas and within the jurisdiction of the Court, defendants

JOSE ROLANDO GONZALEZ aka Rollie
and
HIPOLITO GONZALEZ aka Pollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms, that is, approximately 88 kilograms of a mixture or substance containing a detectable amount of cocaine in violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

      p.     On or about January 25, 2015, in the Southern District of Texas and within the jurisdiction of the Court, defendants

JOSE ROLANDO GONZALEZ aka Rollie
and
HIPOLITO GONZALEZ aka Pollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1 kilogram, that is, approximately 2 kilograms of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance in violation of Title 21, United States Code, §§ 846, 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, §2.

      q.     On or about July 14, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendant

JOSE ROLANDO GONZALEZ aka Rollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 500 grams, that is, approximately 2.9 kilograms, of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

      r.     On or about October 19, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendant

JOSE ROLANDO GONZALEZ aka Rollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms, that is, approximately 27 kilograms, of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance in violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

     All in violation of Title 18, United States Code, § 1962(d).

**COUNT TWO**
(Conspiracy to PWID marijuana)

     Beginning on or about January 2008 to the date of this Second Superseding Indictment, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants

JOSEPH ALBERTO LOPEZ
MARGIL REYNA, JR. aka Mikeo
JOSHUA OMAR SANTILLAN
LUIS ALBERTO TELLO aka Wicho
MIKE BUENO aka Mocho
ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
HIPOLITO GONZALEZ aka Pollie
ISRAEL GONZALEZ aka Rayo
EDUARDO HERNANDEZ aka Lepo
ROLANDO CRUZ aka Party

27

JESUS SILVA aka Bola
LUIS ANTONIO SALDIVAR aka Flaco
OCTAVIO MUÑIZ aka Tavo
ROBERTO CORTEZ aka Robe
RICARDO ORTEGA
VERONICA CHAVEZ
ROBERTO REYES aka Pelon

did knowingly conspire and agree together and with other persons known and unknown to the Grand Jury to intentionally possess with intent to distribute a controlled substance. All the above-named defendants conspired to possess with intent to distribute more than 1,000 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A).

## COUNT THREE
(Conspiracy to PWID cocaine)

Beginning on or about January 2008 to the date of this Second Superseding Indictment, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants

MARGIL REYNA, JR. aka Mikeo
JOSHUA OMAR SANTILLAN
MIKE BUENO aka Mocho
JOSE ROLANDO GONZALEZ aka Rollie
HIPOLITO GONZALEZ aka Pollie
and
ROBERTO CORTEZ aka Robe

did knowingly conspire and agree together and with other persons known and unknown to the Grand Jury to intentionally possess with intent to distribute a controlled substance. All the above-

28

named defendants conspired to possess with intent to distribute more than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A).

## COUNT FOUR
### (Conspiracy to PWID methamphetamine)

Beginning on or about January 2008 to the date of this Second Superseding Indictment, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants

ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
and
JESUS SILVA aka Bola

did knowingly conspire and agree together and with other persons known and unknown to the Grand Jury to intentionally possess with intent to distribute a controlled substance. All the above-named defendants conspired to possess with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A).

## COUNT FIVE
### (Conspiracy to PWID heroin)

Beginning on or about January 2008 to the date of this Second Superseding Indictment, in the Southern District of Texas and elsewhere, the defendants

JOSE ROLANDO GONZALEZ, aka Rollie
and
HIPOLITO GONZALEZ, aka Pollie

did knowingly conspire and agree together and with other persons known and unknown to the Grand Jury to intentionally possess with intent to distribute a controlled substance. All the above-

named defendants conspired to possess with intent to distribute more than 1 kilogram of a mixture

or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A).

## COUNT SIX
### (Interference with commerce by robbery)

On or about April 12, 2012, in the Southern District of Texas and within the jurisdiction of

the Court, defendants

JOSEPH ALBERTO LOPEZ
MARGIL REYNA, JR. aka Mikeo
JOSHUA OMAR SANTILLAN
LUIS ALBERTO TELLO aka Wicho
and
MIKE BUENO aka Mocho

did obstruct, delay and affect and attempt to obstruct, delay and affect commerce, as that term is

defined in Title 18, United States Code, Section 1951(b)(3) and the movement of articles and

commodities in such commerce by robbery in that the defendants did unlawfully take and obtain

and attempt to take and obtain a controlled substance, that is, marijuana from the person and in the

presence of E. S. against his will by means of actual and threatened force, violence and fear of

injury, immediate and future, to his person.

In violation of Title 18, United States Code, §§ 1951(a) and 2.

## COUNT SEVEN
### (Use of a firearm during a drug trafficking crime)

On or about April 12, 2012, in the Southern District of Texas and within the jurisdiction of

the Court, defendants

JOSEPH ALBERTO LOPEZ
MARGIL REYNA, JR. aka Mikeo
JOSHUA OMAR SANTILLAN
LUIS ALBERTO TELLO aka Wicho
and

MIKE BUENO aka Mocho

did knowingly and intentionally use, carry, brandish and discharge a firearm, that is, a handgun

and rifle, during and in relation to a drug trafficking crime, to wit: conspiracy to possess with intent

to distribute a controlled substance as charged in Count Two, for which they may be prosecuted in

a court of the United States.

In violation of Title 18, United States Code, §§ 924(c)(1)(A), 924(c)(1)(A)(iii) and 2.

## COUNT EIGHT
(Use of a firearm during a drug trafficking crime resulting in death)

On or about April 12, 2012, in the Southern District of Texas and within the jurisdiction

of the Court, defendants

JOSEPH ALBERTO LOPEZ
MARGIL REYNA, JR. aka Mikeo
JOSHUA OMAR SANTILLAN
LUIS ALBERTO TELLO aka Wicho
and
MIKE BUENO, aka Mocho

did knowingly and intentionally use, carry, brandish and discharge a firearm, that is, a handgun

and rifle, during and in relation to a drug trafficking crime, to wit: conspiracy to possess with intent

to distribute a controlled substance as charged in Count Two, for which they may be prosecuted in

a court of the United States thereby causing the death of Victor Serna and said killing constitutes

murder as defined by Title 18, United States Code, § 1111, in that the defendants, acting with

malice aforethought, did unlawfully kill Victor Serna by shooting him with a firearm.

In violation of Title 18 United States Code, §§ 924 (c), 924(j)(1) and 2.

## COUNT NINE
(PWID cocaine)

On or about May 3, 2012, in the Southern District of Texas and within the jurisdiction of

the Court, defendants

31

ARTURO RAMIREZ, JR. aka China
and
EDUARDO HERNANDEZ aka Lepo

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was less than 500 grams, that is, approximately 80 grams, of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, § 2.

## COUNT TEN
(PWID cocaine)

On or about June 1, 2012, in the Southern District of Texas and within the jurisdiction of the Court, defendants

ARTURO RAMIREZ, JR. aka China
and
EDUARDO HERNANDEZ aka Lepo

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was less than 500 grams, that is, approximately 80 grams, of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, § 2.

## COUNT ELEVEN
(PWID heroin)

On or about June 1, 2012, in the Southern District of Texas and within the jurisdiction of the Court, defendants

ARTURO RAMIREZ, JR. aka China
and
HIPOLITO GONZALEZ aka Pollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was less than 100 grams, that is, approximately 28 grams, of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, § 2.

## COUNT TWELVE
(PWID heroin)

On or about June 29, 2012, in the Southern District of Texas and within the jurisdiction of the Court, defendants

ARTURO RAMIREZ, JR. aka China
and
HIPOLITO GONZALEZ aka Pollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was less than 100 grams, that is, approximately 60 grams, of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, § 2.

## COUNT THIRTEEN
(PWID cocaine)

On or about July 18, 2012, in the Southern District of Texas and within the jurisdiction of the Court, defendants

ARTURO RAMIREZ, JR. aka China
and
EDUARDO HERNANDEZ aka Lepo

33

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was less than 500 grams, that is, approximately 80 grams, of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, § 2.

**COUNT FOURTEEN**
(Interference with commerce by robbery)

On or about October 19, 2012, in the Southern District of Texas and within the jurisdiction of the Court, defendants

MIKE BUENO aka Mocho
and
ROBERTO CORTEZ aka Robe

did obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce by robbery in that the defendants did unlawfully take and obtain a controlled substance, that is, marijuana from the person and in the presence of M. L. M. against his will by means of actual and threatened force, violence and fear of injury, immediate and future, to his person.

In violation of Title 18, United States Code, §§ 1951(a) and 2.

**COUNT FIFTEEN**
(Use of a firearm during a drug trafficking crime)

On or about October 19, 2012, in the Southern District of Texas and within the jurisdiction of the Court, defendants

MIKE BUENO aka Mocho
and
ROBERTO CORTEZ aka Robe

34

did knowingly and intentionally use, carry and brandish a firearm, that is, a rifle, during and in relation to a drug trafficking crime, to wit: conspiracy to possess with intent to distribute a controlled substance as charged in Count Two, for which they may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, §§ 924(c)(1)(A), 924(c)(1)(A)(ii) and § 2.

## COUNT SIXTEEN
(PWID cocaine)

On or about November 16, 2012, in the Southern District of Texas and within the jurisdiction of the Court, defendants

ARTURO RAMIREZ, JR. aka China
ROBERTO CORTEZ aka Robe
and
ROBERTO REYES aka Pelon

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was less than 500 grams, that is, approximately 103 grams, of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, § 2.

## COUNT SEVENTEEN
(PWID marijuana)

On or about December 7, 2012, in the Southern District of Texas and within the jurisdiction of the Court, defendants

MIKE BUENO aka Mocho
ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
EDUARDO HERNANDEZ aka Lepo
HIPOLITO GONZALEZ aka Pollie

ISRAEL GONZALEZ aka Rayo
LUIS ANTONIO SALDIVAR aka Flaco
OCTAVIO MUÑIZ aka Tavo
ROBERTO CORTEZ aka Robe
RICARDO ORTEGA
VERONICA CHAVEZ
and
ROBERTO REYES aka Pelon

did knowingly and intentionally possessed with intent to distribute a controlled substance. The controlled substance involved was more than 100 kilograms, that is, approximately 103 kilograms, of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, § 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, § 2.

## COUNT EIGHTEEN
(PWID methamphetamine)

On or about September 16, 2013, in the Southern District of Texas and within the jurisdiction of the Court, defendant

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 500 grams, that is, approximately 600 grams, of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

## COUNT NINETEEN
(PWID methamphetamine)

On or about August 7, 2014, in the Southern District of Texas and within the jurisdiction

36

of the Court, defendant

ARTURO RAMIREZ, JR. aka China

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 50 grams, that is, approximately 483 grams, of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

## COUNT TWENTY
(PWID methamphetamine)

On or about August 21, 2014, in the Southern District of Texas and within the jurisdiction of the Court, defendant

ARTURO RAMIREZ, JR. aka China

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 50 grams, that is, approximately 971 grams, of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

## COUNT TWENTY-ONE
(PWID cocaine)

On or about January 25, 2015, in the Southern District of Texas and within the jurisdiction of the Court, defendants

JOSE ROLANDO GONZALEZ aka Rollie
and
HIPOLITO GONZALEZ aka Pollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The

controlled substance involved was more than 5 kilograms, that is, approximately 88 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

## COUNT TWENTY-TWO
### (PWID heroin)

On or about January 25, 2015, in the Southern District of Texas and within the jurisdiction of the Court, defendants

JOSE ROLANDO GONZALEZ aka Rollie
and
HIPOLITO GONZALEZ aka Pollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1 kilogram, that is, approximately 2 kilograms of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

## COUNT TWENTY-THREE
### (PWID methamphetamine)

On or about July 14, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendant

JOSE ROLANDO GONZALEZ aka Rollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 500 grams, that is, approximately 2.9 kilograms, of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II

38

controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

## COUNT TWENTY-FOUR
(PWID cocaine)

On or about October 19, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendant

JOSE ROLANDO GONZALEZ, aka Rollie

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 5 kilograms, that is, approximately 27 kilograms, of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, § 2.

## COUNT TWENTY-FIVE
(PWID cocaine)

On or about April 5, 2017, in the Southern District of Texas and within the jurisdiction of the Court, defendant

ROBERTO CORTEZ aka Robe

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was less than 500 grams, that is, approximately 433 grams, of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(C) and Title 18, United

States Code, § 2.

## COUNT TWENTY-SIX
(PWID methamphetamine)

On or about April 5, 2017, in the Southern District of Texas and within the jurisdiction of the Court, defendant

LUIS ANTONIO SALDIVAR aka Flaco

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 50 grams, that is, approximately 143 grams, of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, § 2.

## NOTICE OF CRIMINAL FORFEITURE
(18 U.S.C. § 1963)

Pursuant to Title 18, United States Code, Section 1963, the United States gives notice to the defendants,

JOSEPH ALBERTO LOPEZ,
MARGIL REYNA, JR. aka Mikeo
JOSHUA OMAR SANTILLAN
LUIS ALBERTO TELLO aka Wicho
MIKE BUENO aka Mocho
ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
EDUARDO HERNANDEZ aka Lepo
HIPOLITO GONZALEZ aka Pollie
ISRAEL GONZALEZ aka Rayo
ROLANDO CRUZ aka Party
JESUS SILVA aka Bola
LUIS ANTONIO SALDIVAR aka Flaco
OCTAVIO MUÑIZ aka Tavo
ROBERTO CORTEZ aka Robe



that in the event of conviction of an offense, Count One, in violation of Title 18, United States Code, Section, 1962, the following property, whether real or personal, is subject to forfeiture to the United States:

1.  all interest acquired or maintained in violation of 18 U.S.C. § 1962;

2.  all interest in, securities of, claims against, or property or contractual rights of any kind affording a source of influence over any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962; and

3.  all property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962.

### NOTICE OF CRIMINAL FORFEITURE
(21 U.S.C. § 853)

Pursuant to Title 21, United States Code, Section 853, the United States gives notice to the defendants,

JOSEPH ALBERTO LOPEZ
MARGIL REYNA, JR. aka Mikeo
JOSHUA OMAR SANTILLAN
LUIS ALBERTO TELLO aka Wicho
MIKE BUENO aka Mocho
ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
EDUARDO HERNANDEZ aka Lepo
HIPOLITO GONZALEZ aka Pollie
ISRAEL GONZALEZ aka Rayo
ROLANDO CRUZ aka Party
JESUS SILVA aka Bola
LUIS ANTONIO SALDIVAR aka Flaco
OCTAVIO MUÑIZ aka Tavo
ROBERTO CORTEZ aka Robe
RICARDO ORTEGA
VERONICA CHAVEZ

ROBERTO REYES aka Pelon



that in the event of conviction of an offense in violation of Title 21, United States Code, Sections 841 or 846, the following property, whether real or personal, is subject to forfeiture to the United States:

1. all property constituting, or derived from, all proceeds obtained, directly or indirectly, as a result of such offense; and

2. all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

**NOTICE OF FORFEITURE**
18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States gives notice to the defendants,

JOSEPH ALBERTO LOPEZ
MARGIL REYNA, JR. aka Mikeo
JOSHUA OMAR SANTILLAN
LUIS ALBERTO TELLO aka Wicho
MIKE BUENO aka Mocho
and
ROBERTO CORTEZ aka Robe

that in the event of conviction of an offense in violation of Title 18, United States Code, Section 1951, all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, is subject to forfeiture to the United States.

**NOTICE OF FORFEITURE**
18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)

Pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), the United States of America hereby gives notice to the defendants,

42

JOSEPH ALBERTO LOPEZ,
MARGIL REYNA, JR. aka Mikeo
JOSHUA OMAR SANTILLAN
LUIS ALBERTO TELLO aka Wicho
MIKE BUENO aka Mocho
ARTURO RAMIREZ, JR. aka China
JOSE ROLANDO GONZALEZ aka Rollie
EDUARDO HERNANDEZ aka Lepo
HIPOLITO GONZALEZ aka Pollie
ISRAEL GONZALEZ aka Rayo
ROLANDO CRUZ aka Party
JESUS SILVA aka Bola
LUIS ANTONIO SALDIVAR aka Flaco
OCTAVIO MUÑIZ aka Tavo
ROBERTO CORTEZ aka Robe
RICARDO ORTEGA
VERONICA CHAVEZ
ROBERTO REYES aka Pelon

that, in the event of conviction of a violation charged in this Superseding Indictment, all firearms and ammunition involved in or used in the violation and all firearms and ammunition intended to be used in a crime of violence or an offense in violation of Title 21, United States Code, Sections 841 or 846 are subject to forfeiture to the United States.

**Property Subject to Forfeiture**

The property subject to forfeiture includes, but is not limited to, the following:

1. 14k yellow and white gold 16.5" necklace with diamonds and 32 sapphires; and

2. 18k yellow gold men's Rolex Oyster Perpetual Day Date wristwatch with diamond dial.

The United States may seek the imposition of a money judgment. In the event that a condition listed in Title 21, United States Code, Section 853(p) or Title 18, United States Code,

43

Section 1963(m) exists, the United States will seek to forfeit any other property of the defendants in substitution up to the total value of the property subject to forfeiture.

A TRUE BILL

_____

FOREPERSON

ABE MARTINEZ
ACTING UNITED STATES ATTORNEY


_____
Anibal J. Alaniz
Assistant United States Attorney


_____
Casey N. MacDonald
Assistant United States Attorney


_____
Nicholas Regalia
Trial Attorney
Organized Crime and Gang Section
United States Department of Justice